IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AZ METRO DISTRIBUTORS, LLC,<br><br>Defendant. | CIVIL ACTION NO. 15-CV-05370<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Cesar Fernandez and Archibald Roberts, who were adversely affected by such practices. As alleged with greater particularity in paragraph 12 below, Defendant, AZ Metro Distributors, LLC discharged Fernandez and Roberts because of their age.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the “ADEA”), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the “FLSA”), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, AZ Metro Distributors, LLC, has continuously been doing business in Woodbury and Brooklyn, New York, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

CONCILIATION

6. More than thirty days prior to the institution of this lawsuit, Fernandez and Roberts each filed a Charge of Discrimination with the Commission alleging violations of the ADEA by Defendant.

7. On April 14, 2015, the Commission issued to Defendant a Letter of Determination for each Charge of Discrimination finding reasonable cause to believe that the ADEA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On May 13, 2015, EEOC issued to Defendant a Notice of Failure of Conciliation for each Charge of Discrimination.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

12. On or about January 31, 2014, Defendant engaged in unlawful employment practices at its Brooklyn, New York offices, in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a), as outlined below:

a. On January 31, 2014, Fernandez was sixty-four years old and Roberts was sixty-six years old.

b. Fernandez began his employment with Respondent in 1999 and Roberts in 2009.

c. In January 2014, both Roberts and Fernandez were employed in Defendant's sales department as merchandiser/swing salespersons.

d. In January 2014, Roberts was the oldest employee and Fernandez was the second oldest employee in Defendant's sales department.

e. On the morning of January 31, 2014, Roberts received a telephone call from Queens District Manager, Glenford Barsatte, in which he informed Roberts that management planned to discharge him.

f.  Barsatte also informed Roberts that Defendant planned to discharge him because of his age and General Manager Chris Rochford's desire to move the sales force in a different direction by hiring younger workers.

g.  Barsatte encouraged Roberts to resign rather than face discharge.

h.  During this conversation, Barsatte did not tell Roberts that he was being discharged because of poor performance.

i.  Later that same day, Brooklyn District Manager Pat Corso spoke to Roberts in person and told him that Defendant wanted to move the sales force in a different direction and that it was "time to go."

j.  Roberts asked Corso if there was anything he could do to change Defendant's mind and Corso responded that there was nothing Roberts could do.

k.  Roberts understood the conversations with Barsatte and Corso to mean that he was discharged.

l.  Roberts never agreed to retire or resign from his employment.

m.  On the afternoon of January 31, 2014, Fernandez also received a telephone call from Barsatte; at the end of his conversation, Fernandez understood that his employment with Defendant had been terminated.

n.  Following his conversation with Barsatte, Fernandez received another telephone call from supervisor Santos Disla, who also informed Fernandez that he was no longer employed with Defendant and that he was to turn in his company iPad.

o.  At no time during these conversations, did Barsatte or Disla tell Fernandez that he was being discharged because of poor performance.

    p. Later that day, Fernandez and Disla met in Queens and Fernandez surrendered his iPad.

q. Fernandez never agreed to retire or resign from his employment.

13. The effect of the practices complained of in paragraph 12 above has been to deprive Fernandez and Roberts of equal employment opportunities and otherwise adversely affect their status as an employee, because of their age.

14. The unlawful employment practices complained of in paragraph 12 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Fernandez and Roberts.

D. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, including but not limited to Fernandez and Roberts, by providing the

affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement of or front pay to Fernandez and Roberts.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street NE
Washington D.C. 20507

Robert D. Rose
Regional Attorney
robert.rose@eeoc.gov
(212) 336-3708

Nora E. Curtin
Supervisory Trial Attorney
nora.curtin@eeoc.gov
(212) 336-3747

Kirsten Peters
Trial Attorney
kirsten.peters@eeoc.gov
(212) 336-3671

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004