UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
EQUAL EMPLOYMENT OPPORTUNITY      :
COMMISSION,                       :
                                  :
                       Plaintiff, :   MEMORANDUM & ORDER
                                  :
        -against-                 :   15-cv-5370 (ENV) (PK)
                                  :
AZ METRO DISTRIBUTORS, LLC,       :
                                  :
                       Defendant. :
-------------------------------------------------------- x

VITALIANO, D.J.,

Plaintiff Equal Employment Opportunity Commission ("EEOC") brought this action against AZ Metro Distributors, LLC ("AZ Metro"), on behalf of two of its former employees, Archibald Roberts and Caesar Fernandez, following charges filed with the EEOC alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. Magistrate Judge Peggy Kuo, who is supervising discovery in this case, held a series of conferences and invited briefing on the permissible scope of deposition testimony with respect to EEOC officials. At the final conference, on July 14, 2016, Judge Kuo ruled that defendants would be permitted to depose 1) four EEOC officials involved with Roberts's and Fernandez's investigation, solely for purposes of determining the factual basis of allegations made in the charges; and 2) two EEOC officials who plaintiff represents have no personal knowledge of the EEOC investigation. Plaintiff files this appeal of Judge Kuo's order.[1]

---

[1] Plaintiff has styled its filing as objections to Judge Kuo's order, but its challenge is properly understood as an appeal. The appeal of an order of a magistrate judge is governed by the Federal Magistrates Act, 28 U.S.C. §§ 631 *et seq.* and Rule 72 of the Federal Rules of Civil Procedure. A magistrate judge can make findings as to nondispositive pretrial matters and to issue an order that is binding in and of itself. *See, e.g.*, 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a);



## Standard of Review

Generally, "magistrate judges have broad discretion in resolving nondispositive matters...." *Gorman v. Polar Electro, Inc.*, 137 F. Supp. 2d 223, 226 (E.D.N.Y. 2001). Nevertheless, a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Hence, a party may challenge a magistrate judge's pretrial order on a nondispositive matter within 14 days of the entry of the order. Fed. R. Civ. P. 72(a). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Rathgaber v. Town of Oyster Bay*, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). In line with this deference, "the magistrate judge's finding should not be rejected merely because the court would have decided the matter differently." *Graves v. Deutsche Bank Securities Inc.*, No. 07-Civ.-5471 (BSJ), 2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010) (citing *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985)). Pointedly, this highly deferential standard of review imposes a "heavy burden" on the party challenging the order. *Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir. 1991). The Supreme Court has emphasized that an order can only be found to be "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v.*

---

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Because matters concerning discovery are generally considered nondispositive of the litigation, resolution of a discovery dispute by a magistrate judge in the form of an order is appropriate, and the Court considers objections to such orders as an appeal from that order. *See, e.g., Thomas E. Hoar, Inc.*, 900 F.2d at 525; *Sheppard v. Beerman*, No. 91-cv-1349, 1999 WL 1011940, at *2 (E.D.N.Y. Sept. 23, 1999).

2

*United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948).

Discussion

I.  Scope of Depositions

As an initial matter, it is well established that EEOC is not exempt from Rule 30 depositions. *Equal Emp. Opportunity Comm'n v. Sterling Jewelers Inc.*, No. 08-CV-00706(A)(M), 2010 WL 2803017, at *2 (W.D.N.Y. July 15, 2010) (citing *Equal Emp. Opportunity Comm'n v. Corr. Corp. of Am.*, No. CIV.A. 06-CV-01956-E, 2007 WL 4403528, at *1 (D. Colo. Dec. 13, 2007)).

That said, as has been noted before in this litigation, judicial review of the EEOC's prerequisites to filing suit is strictly "limited," such that "courts may not review the sufficiency of an investigation—only whether an investigation occurred." *Equal Emp. Opportunity Comm'n v. Sterling Jewelers Inc.*, 801 F.3d 96, 101 (2d Cir. 2015); *see also Mach Mining, LLC v. Equal Emp. Opportunity Comm'n*, 135 S. Ct. 1645, 1654-56, 191 L. Ed. 2d 607 (2015) (same, concerning the EEOC's conciliation efforts). This Court previously noted that "discovery targeted at the EEOC's efforts toward resolution of the underlying dispute would be unlikely to lead to evidence 'that is relevant to any party's claim or defense[,]'" and, therefore, be beyond the bounds of discovery. ECF Dkt. Entry dated Jan. 20, 2016 (quoting Fed. R. Civ. P. 26(b)(1)).

However, Judge Kuo has narrowly tailored her order to avoid exactly these pitfalls. She stated clearly that "[t]here should not be questioning into opinions," and noted that "analysis," anything related to the "deliberative process," or questing into who was involved with various legal decisions were strictly forbidden. Transcript of Discovery Conference held July 14, 2016, ECF Dkt. No. 38, at 3. Permissible avenues of inquiry were limited to factual matters, such as "the completeness of the document discovery or ... documents in the files," such as interview

3

material not memorialized in notes, or comments left out of the file, or clarification regarding illegible handwriting and shorthand. *Id.* at 3-4. This material is squarely available to defendant. To be sure,

> [t]he disclosure of [who was interviewed, what the deponent did to refresh his recollection of the facts of the case, and what facts EEOC considered regarding the defendant's defenses] does not reveal the agency's trial strategy or its analysis of the case. For example, knowing who was interviewed does not intrude upon the mental impressions of the attorney. Presumably, the interview process in an investigation includes people and information which will be discarded as the attorney begins the analysis and plans strategy. Similarly, what information a witness reviews in preparation for a deposition does not reveal the thought processes of the attorneys. Documents are reviewed by a deponent for many reasons. There is a distinct difference between asking what was reviewed as opposed to why it was reviewed.

*Equal Emp. Opportunity Comm'n v. Am. Int'l Grp., Inc.*, No. 93 CIV. 6390 (PKL) (RLE), 1994 WL 376052, at *3 (S.D.N.Y. July 18, 1994). Plaintiff is free to record its objections should the questioning stray from this circumscribed ambit, and defendant has already been warned that continued pursuit of arguments regarding the propriety or sufficiency of the EEOC investigation would be frivolous and subject them to severe sanction. *See* ECF Dkt. Entry dated Jan. 20, 2016.

In full view of the additional limitations imposed by *Sterling Jewelers*, Judge Kuo's order to permit inquiry at the depositions of EEOC personnel only to the extent that it could lead to the production of factual information that is relevant and material to the underlying lawsuit is neither clearly erroneous nor contrary to law.

    II.      Depositions of District Director Kevin Berry and Enforcement Manager Nieto

Plaintiff also appeals the decision to allow the depositions of District Director Kevin Berry and Enforcement Manager Arlene Nieto, both of whom EEOC has represented have no personal knowledge of the facts related to the underlying lawsuit. While the Court would not

have permitted these depositions to go forward, and considers them to be imprudent and a needless expense of time and resource, the order as strictly circumscribed is within the outer bounds of Judge Kuo's authority. That portion of her order, too, is not clearly erroneous or contrary to law. Though it must be affirmed, Judge Kuo, of course, is free to reconsider her order in the light of this decision.

## Conclusion

Finding that the order of Magistrate Judge Peggy Kuo authorizing limited depositions of EEOC officials is neither clearly erroneous nor contrary to law, that order is affirmed and the appeal is dismissed.

So Ordered.

Dated: Brooklyn, New York
       September 6, 2016

                                              /s/ USDJ ERIC N. VITALIANO
                                              ERIC N. VITALIANO
                                              United States District Judge