UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
EQUAL EMPLOYMENT                      :
OPPORTUNITY COMMISSION,               :
                                      :
                  Plaintiff,          :
                                      :
        -against-                     :
                                      :
AZ METRO DISTRIBUTORS, LLC,           :
                                      :
                  Defendant.          :
                                      :
                                      :
------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★  AUG 1 3 2017  ★

BROOKLYN OFFICE

MEMORANDUM & ORDER

15-cv-5370 (ENV) (PK)

VITALIANO, D.J.

 In September 2015, the Equal Employment Opportunity Commission ("EEOC")

commenced this action against AZ Metro Distributors, LLC ("AZ Metro"), alleging violations of

the Age Discrimination in Employment Act ("ADEA") stemming from AZ Metro's termination

of two employees: Archibald Roberts and Cesar Fernandez. (Compl., ECF No.1). Presently

before the Court is Magistrate Judge Peggy Kuo's report and recommendation, dated December

20, 2016 (the "R&R"), recommending that EEOC's motion to strike several affirmative defenses

be granted in part and denied in part. (R&R, ECF No. 77). For the reasons stated below, the

R&R is adopted as modified in this Order.

<u>Background</u>

 Familiarity with the background facts and procedural history discussed in the R&R is

presumed and will not be needlessly repeated here. To that end, as pertinent to an evaluation of

the R&R, an abbreviated procedural history will be recounted.

 Prior to answering the complaint, AZ Metro sought a pre-motion conference on its

proposed motion to dismiss under Rules 12(b)(6), 12(d) and 56 of the Federal Rules of Civil

Procedure. (Def.'s Mot. for PMC, ECF No. 9). The basis for the proposed motion was EEOC's alleged failure to satisfy statutory prerequisites to suit, namely, conducting an impartial and appropriate investigation and making a good-faith attempt at conciliation. (*Id.*). The request for a pre-motion conference was, however, denied because, *inter alia*, a court reviewing EEOC's compliance with the prerequisites for suit may examine only whether an EEOC investigation occurred, not the sufficiency of that investigation. *See* (January 20, 2016, Docket Order (citing *E.E.O.C. v. Sterling Jewelers Inc.*, 801 F.3d 96, 101 (2d Cir. 2015))).

In its answer, filed on February 12, 2016, AZ Metro asserted 31 affirmative defenses. *See* (Answer 4-9, ECF No. 14). On May 12, 2016, EEOC filed a Rule 12(f) motion to strike defendant's third, fourth, fifth, sixth and eighth affirmative defenses.[1] (Pl.'s Mot. to Strike, ECF No. 27). Issue was joined when AZ Metro filed its opposition. (Def.'s Mem. in Opposition, ECF No. 28). The motion was then referred to Magistrate Judge Kuo on July 29, 2016. (July 29, 2016, Order Referring Mot.). On December 20, 2016, Judge Kuo filed her R&R, recommending that the Court grant EEOC's motion to strike the third, fifth and sixth affirmative defenses, but deny the motion as to the fourth and eighth affirmative defenses. *See* (R&R 19). Both EEOC and AZ Metro timely filed objections to the R&R. (Pl.'s Objections, ECF No. 79; Def.'s Objections, ECF No. 78). EEOC also timely filed a response to defendant's objections. (Pl.'s Response, ECF No. 82). AZ Metro has not responded to EEOC's objections.

## Standard of Review

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] In its answer, defendant titles these defenses as "THIRD SEPARATE DEFENSE," etc., *see* (Answer 4), whereas Judge Kuo refers to them as "Third Affirmative Defense," etc., *see* (R&R 3). The Court adopts the nomenclature: "third affirmative defense," etc.

magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). "The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments." *Id.* (collecting cases).

Discussion

I.    <u>Third, Fifth and Sixth Affirmative Defenses</u>

The third, fifth and sixth affirmative defenses all purport to be complete defenses to the ADEA claims brought by EEOC. *See* (R&R 18). The third[2] and sixth[3] affirmative defenses contend that EEOC failed to satisfy statutory prerequisites for commencing the instant enforcement action. (Answer 4-5). The fifth[4] alleges that EEOC unlawfully retaliated against AZ Metro. (*Id.* at 4).

In recommending that each of these affirmative defenses be stricken, Judge Kuo utilized the appropriate legal framework, which is divided into three parts. To prevail on a Rule 12(f)

---

[2]    The third affirmative defense reads: "The plaintiff failed to satisfy the statutory prerequisites to commencing this action." (Answer 4).

[3]    The sixth affirmative defense reads: "Without conceding that AZ METRO has the burden of proof on this issue, at all relevant times hereto, the EEOC failed to satisfy its statutory administrative obligations to conduct an impartial and appropriate investigation, and to conciliate in good faith, prior to commencing this action." (Answer 5).

[4]    The fifth affirmative defense reads: "The EEOC unlawfully retaliated against AZ METRO because AZ METRO filed a complaint against the EEOC with the Office of the Inspector General, by bringing and/or continuing to litigate this action." (Answer 4).

motion to strike an affirmative defense, "the plaintiff must show that '(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense.'" *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 132 (E.D.N.Y. 2015) (quoting *Bernstein v. Mount Ararat Cemetery Inc.*, No. 11 CV 68 (DRH)(WDW), 2012 WL 3887228, at *9 (E.D.N.Y. Sept. 7, 2012)).

AZ Metro contends that Judge Kuo misapplied the controlling framework. (Def.'s Objections 3). Specifically, defendant argues that there are questions of fact and law that, if found in its favor, would allow these affirmative defenses to succeed and that EEOC would not be prejudiced by the discovery related to them. (*Id.* at 3, 11-12). Sharpening the focus, Defendant's objections in this regard all spring from the purported conflict in EEOC's process based on AZ Metro's allegation that Roberts's daughter was an EEOC employee. (*Id.* at 7-10). But these objections do not advance a millimeter beyond the arguments made to Judge Kuo— arguments that were properly rejected in her R&R. *Compare, e.g.*, (Def.'s Objections 3-5, 12-14), *with* (Def.'s Mem. in Opposition 13-17). As with any rehashed objection, the clear error standard of review governs AZ Metro's regurgitated arguments. *See Dafeng Hengwei Textile Co.*, 54 F. Supp. 3d at 283. Judge Kuo's thorough and well-reasoned analysis regarding the third, fifth and sixth affirmative defenses easily satisfies that standard.[5] Thus, AZ Metro's objections are overruled, and the Court adopts this section of the R&R's analysis as its own.

    II.    <u>Fourth and Eighth Affirmative Defenses</u>

---

[5]    Indeed, had *de novo* review applied, the Court still would have overruled defendant's objections.

Unlike the third, fifth and sixth affirmative defenses, which purport to be complete defenses to EEOC's ADEA enforcement action, the fourth[6] and eighth[7] defenses are best interpreted not as defenses but as requests for attorney's fees and costs.[8] *See* (R&R 13, 15, 18). In recommending against striking them, Judge Kuo applied the same tripartite framework that she used to evaluate the other defenses. *See* (*id.* at 11-17). In its objections, EEOC argues that these two must be stricken because they are not affirmative defenses at all. *See* (Pl.'s Objections 3, 6).

Reviewing this portion of the R&R *de novo*, this objection is well taken. Regardless of any ultimate entitlement to them, requests for fees and costs are not affirmative defenses to a substantive claim. *See, e.g.,* Fed. R. Civ. P. 8(c)(1) (listing affirmative defenses, without including among them requests for attorney's fees); *Barrilleaux v. Mendocino County*, No. 14-cv-01373-TEH, 2016 WL 1298860, at *3 (N.D. Cal. Apr. 4, 2016) ("Because the award of attorney's fees does not act to preclude a defendant's liability even if a plaintiff proves all of the required elements of the cause of action, it is not a proper affirmative defense." (brackets, citation and internal quotation marks omitted)); *Cava v. Tranquility Salon & Day Spa, Inc.*, No.

---

[6]     The fourth affirmative defense reads: "Without conceding that AZ METRO has the burden of proof on this issue, at all relevant times hereto, the EEOC acted in bad faith in bringing and/or continuing to litigate this action, and for that reason justify an award of attorney's fees, costs and sanctions against plaintiffs in favor of defendant." (Answer 4).

[7]     The eighth affirmative defense reads: "Without conceding that AZ Metro has the burden of proof on this issue, the EEOC purposely engaged in biased and improper investigations, determinations and purported conciliation of the charges of Roberts and Fernandez in violation of applicable statutes, rules and regulations which proximately caused damages to the defendant, including costs and attorney's fees." (Answer 5).

[8]     Plaintiff and Judge Kuo have characterized these defenses as requests for attorney's fees and costs. *See* (R&R 15; Pl.'s Objections 5). Defendant has made no response to the characterization. This characterization is, no doubt, an appropriate one.

13-CV-1109 (JS) (ARL), 2014 WL 655372, at *4-5 (E.D.N.Y. Feb. 20, 2014); *EEOC v. SVT, LLC*, No. 2:13-CV-245-PRC, 2013 WL 6045972, at *3 (N.D. Ind. Nov. 14, 2013); Charles Alan Wright & Arthur R. Miller, 5 Federal Practice & Procedure § 1270 (3d ed. 2004) (listing affirmative defenses, without including among them requests for attorney's fees); Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1381 n.12 (3d ed. 2004) (same).

The critical point is that, no matter how these two defenses are labeled, none of their assertions would "defeat the plaintiff's . . . claim," even if defendant were awarded fees and costs on some theory. *See Affirmative Defense, Black's Law Dictionary* (10th ed. 2014) ("A defendant's assertion of facts and argument that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true."); *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003); Charles Alan Wright & Arthur R. Miller, 5 Federal Practice & Procedure § 1270 (3d ed. 2004) ("An affirmative defense will defeat the plaintiff's claim if it is accepted by the district court or the jury.").

Clearly, by asserting its demand for fees and costs in affirmative defenses, defendant has placed the cart before the horse. A demand for fees and costs comes after the wheels of justice have turned, whereas affirmative defenses are designed to control the direction in which the wheels should turn. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed 2d 648 (1978) (concluding that "a district court may in its discretion award attorney's fees to a *prevailing* defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith" (emphasis added)); *SVT, LLC*, 2013 WL 6045972, at *3 ("A request for fees and costs is not an affirmative defense and should be raised by motion after the merits of the case have been determined").

6

In recommending that the fourth and eighth affirmative defenses not be stricken, Judge Kuo found it "crucial that the EEOC has not moved to strike the Seventh[9] Affirmative Defense," which also asserts a claim for attorney's fees, costs and sanctions, premised, essentially, on the same facts undergirding EEOC's decision to bring this enforcement action, and, therefore, even if the fourth and eighth defenses were stricken, the scope of discovery would not be materially altered. (R&R 15-17). So, the logic goes, no prejudice attaches to a decision not to strike the fourth and eighth affirmative defenses because discovery into EEOC's decision to seek court enforcement would commence regardless. (*Id.*).

Yet, even assuming, *arguendo*, that the prejudice prong applies where the purported defense is not even an affirmative defense as a matter of law, *see Cava*, 2014 WL 655372, at *4-5 (striking a purported affirmative defense that was not, in fact, an affirmative defense, but not detailing a prejudice analysis), this analysis misperceives the real prejudice presented here. The prejudice is the larding up of the pleadings and the litigation with purported affirmative defenses that are not affirmative defenses as a matter of law. Simply put, because these so-called affirmative defenses are not affirmative defenses, they generate no right to pretrial discovery in the first place, and denial of the motion to strike would prejudice EEOC by denying its right to be free of them in the course of the substantive litigation.

Finally and dispositively, EEOC's failure to move against the seventh defense is not a barrier to striking the fourth and eighth affirmative defenses. Instructively, Rule 12(f) permits a court to strike an affirmative defense *sua sponte*. *See* Fed. R. Civ. P. 12(f) (noting that a motion is not required to strike "an insufficient defense" because "[t]he court may act . . . on its own");

---

[9]     The seventh affirmative defense reads: "Plaintiff's claims are unreasonable, frivolous, meritless, and vexatious, and for that reason justify an award of attorney's fees, costs and sanctions against plaintiff in favor of defendant." (Answer 5).

*Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 225 (E.D.N.Y. 2015). Accordingly, because EEOC would be needlessly burdened by the inclusion of the fourth, seventh and eighth affirmative defenses, which, rather than raise affirmative defenses, seek attorney's fees, costs and sanctions, these purported defenses are stricken from AZ Metro's answer. *See Saks*, 316 F.3d at 350. Thus, EEOC's objections in this regard are sustained, and this section of the R&R is modified as reflected in this Order.

### Conclusion

In line with the foregoing, Judge Kuo's R&R is adopted as modified in this Order. The fourth, seventh and eighth affirmative defenses are ordered stricken, without prejudice to defendant's right to seek any appropriate attorney's fees, costs or sanctions should it become the prevailing party. Additionally, the third, fifth and sixth affirmative defenses are ordered stricken.

So Ordered.

Dated: Brooklyn, New York
       August 9, 2017

/s/ USDJ ERIC N. VITALIANO
_____
ERIC N. VITALIANO
United States District Judge