UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
EQUAL OPPORTUNITY EMPLOYMENT : 
COMMISSION, :
 :
                            Plaintiff, : <u>SHORT-FORM</u>
 : <u>MEMORANDUM & ORDER</u>
        -against- :
 : 15-CV-5370 (ENV) (PK)
AZ METRO DISTRIBUTORS, LLC, :
 :
                          Defendant. :
-------------------------------------------------------------- x
VITALIANO, D.J.

      Jury selection in this case is scheduled to begin on September 16, 2019. Plaintiff Equal Employment Opportunity Commission ("EEOC") and defendant AZ Metro Distributors, LLC ("AZ Metro") have filed numerous final pre-trial motions and motions *in limine*. Dkt. 150-58, 160. Having considered the submissions of the parties, the Court resolves the motions in the manner and for the reasons as set forth below.[1]

| <u>Request</u> | <u>Ruling</u> |
|---|---|
| I.    Defendant's Motions to Bifurcate ||
| (A) Defendant moves to bifurcate the trial in order to provide separate trials of the claims advanced on behalf of each claimant pursuant | (A) Defendant moves to bifurcate trial of the claims of Archibald Roberts and Cesar Fernandez pursuant to Federal Rule of Civil |

---

[1] Though AZ Metro styled its "Motions to Bifurcate" as motions *in limine*, the Court addresses these pre-trial motions first.

to Federal Rule of Civil Procedure 42(b). Def.'s Mem. (Dkt. 160) at 16-19. Practically speaking, the request for bifurcation is in the nature of severance.

Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *See also* Def. Mem. at 16-17. In the Second Circuit, it is well-established that bifurcation rests "firmly within the discretion of the trial court." *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984) (quoting *In Re Master Key Antitrust Litig.*, 528 F.2d 5, 14 (2d Cir. 1975)). Defendant's arguments fall well short of the standard in Federal Rule of Civil Procedure 42(b). The bifurcation of the case with separate juries empaneled for the claims of Roberts and Fernandez would not serve the interests of judicial economy and expedition. The alleged termination of both claimants in violation of the Age Discrimination in Employment Act ("ADEA") occurred on the same day in the same department. Pl.'s Opp. (Dkt. 160-42) at 16. Even the defense asserted against each claim overlaps. Neither

|  | were fired, AZ Metro says, each resigned and were not discharged. *Id.* Accordingly, there is substantial overlap to be expected with respect to evidence and legal issues. This is hardly surprising where the claims are of co-workers working in the same department. That's why bifurcation in such situations, is "thus the exception, not the rule, and the movant must justify bifurcation on the basis of the substantial benefits that it can be expected to produce." *Lewis v. City of New York*, 689 F. Supp. 2d 417, 428 (E.D.N.Y. 2010). Here, defendant has not justified the additional time and resources required to bifurcate the trial with substantial benefits. Defendant's claims of potential prejudice and alleged lack of evidence (Def.'s Mem. at 18) do not outweigh the other factors. Accordingly, the motion is denied. |
|---|---|
| (B) Defendant moves to bifurcate the trial between the liability and damages phases pursuant to Federal Rule of Civil Procedure 42(b). Def.'s Mem. at 19-21. | (B) The same rule, case law and considerations apply as in I(A), *supra*. Legion among arguments of the tort defense bar, AZ Metro protests that any reference to |

|  | damages before a determination of liability would "prejudice defendant by confusing or misleading the jury", relying upon *Katsaros v. Cody*, 744 F.2d at 278 (separating the prudence of a bank loan from the amount of money eventually lost). |
|  | Presumably, such an argument might be a winning one in the rare case, but not here where the issues of liability and damages are intertwined and rely upon overlapping testimonial and documentary evidence including a potential finding of "willful" action by defendant thereby triggering liquidated damages. *See* Pl.'s Opp. at 16 (*citing* 29 U.S.C. § 626(b)). Stated in plain terms, AZ Metro has not met its burden under Rule 42. Its motion is denied. |
| II. | Defendant's Motions *in limine* |
| (A) Defendant moves to exclude any claim or evidence regarding defendant's former employee Thomas Marigliano's change of position in February 2011 at AZ Metro, and his departure from AZ Metro on January 31, | (A) Any relevance (Fed. R. Evid. 401) and probative value of evidence regarding defendant's former employee Marigliano's employment history and departure from AZ Metro is outweighed by its potential prejudice |

| | |
|---|---|
| 2014.  Def.'s Mem. at 2-16. | and risk of confusion for the jury.  Fed. R. Evid 403; *see also Delaney v. Bank of Am. Corp.*, 908 F. Supp. 2d 498, 504–05 (S.D.N.Y. 2012), *aff'd*, 766 F.3d 163 (2d Cir. 2014) (Excluding evidence of "two other ADEA-covered employees in other groups at BoA [who] were also laid off in 2010".); *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 271 (2d Cir. 1999).  Defendant's motion is granted. |
| (B) AZ Metro moves to exclude any claim or evidence regarding New York State Department of Labor Unemployment Insurance Records as to Archibald Roberts and Cesar Fernandez.  Def.'s Mem. at 21-22. | (B) Defendant has already acknowledged that it told both Roberts and Fernandez it would not, and ultimately it did not, contest their claims for unemployment insurance.  *See e.g.* Def.'s Opp. to Pl.'s Motion #2 (Dkt. 151-1) at 3-4, 7.  The jury's time shall not be needlessly wasted by the introduction of documents to establish facts that are not disputed.  These facts should be the subject of a stipulation.  The Court anticipates that such a stipulation will be submitted at the final pre-trial conference scheduled for September 12, 2019 |

| | |
|---|---|
| | and ruling on the motion is deferred until then. |
| (C) Defendant moves to exclude evidence of any claim regarding the draft charge of discrimination of Archibald Roberts as "a classic-out-of-court statement…inadmissible to prove the truth of the matter asserted". Def.'s Mem. at 22-23. | (C) The subject document is clearly an out of court statement and subject to exclusion under the hearsay rules. It may, of course, be offered if for a purpose recognized as an exception to the hearsay rule or for some purpose other than for the truth of the asserted statement. The ruling must abide the proffer. |
| (D) AZ Metro moves for leave to offer evidence regarding alleged "EEOC bias". Def.'s Mem. at 24-30. | (D) For the reasons set forth in the Court's rulings on Plaintiff's motions *in limine* at III(C) and (D), *infra*, defendant's motion is denied. |
| (E) Defendant moves to exclude "evidence of damages based upon the failure to mitigate damages". Def.'s Mem. at 30-35. | (E) Defendant's motion to exclude evidence of damages based on the failure of claimants' mitigation is denied. EEOC will have the opportunity to offer proof of damages and AZ Metro will have its opportunity to prove failure to mitigate to the extent case law permits. |
| (F) AZ Metro moves to exclude "any reference, statement, or argument related | (F) To the extent that this even qualifies as a motion *in limine*, without a specific showing |

| | |
|---|---|
| undisclosed mitigations of damages". Def.'s Mem. at 35-36. | of EEOC's failure to comply with an appropriate discovery request, it is denied on that basis. Without such a showing, it is merely a restatement of the law whereby damages evidence sought in discovery but not produced is inadmissible. Either party is free to object to any such attempted admission in violation of this rule. *See* Fed. R. Civ. Pro 26; 37. |
| (G) AZ Metro moves to exclude "any reference, statement, or argument related to evidence not previously produced". Def.'s Mem. at 36. | (G) Defendant's motion is denied for the reasons stated in the ruling in II(F), *supra*. |
| (H) Defendant moves to exclude "any reference, statement, or argument related to any conciliation or settlement efforts". Def.'s Mem. at 36. | (H) Evidence Rule 408 bars the admission of evidence relating to settlement discussions. This motion is unopposed and is granted for this reason. |
| (I) AZ Metro moves to exclude "any reference, statement, or argument related to an undisclosed methodology as a measure of damages, including a specific amount related to compensatory or punitive damages". Def.'s Mem. at 36-38. | (I) Defendant's motion is denied, in principal part, for the reasons set forth in the ruling in II(F), *supra*.<br>Ultimately, the damages scheme set forth in 29 U.S.C. § 626(b) is controlling of the propriety of evidence on this score. In the |

connection, the Court observes that, although "the Second Circuit has not prohibited parties from suggesting particular damages amounts to the jury, [but] it has cautioned against this practice." *Bermudez v. City of New York*, No. 15-cv-3240 (KAM) (RLM), 2019 WL 136633, at *10 (E.D.N.Y. Jan. 8, 2019) (*citing Ramirez v. N.Y.C. Off-Track Betting Corp.*, 112 F.3d 38, 40 (2d Cir. 1997)). The question of whether to permit such argument by counsel is "left to the discretion of the trial judge." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912-13 (2d Cir. 1997). Therefore, the Court cautions that plaintiff will only be permitted, and solely in the context of closing argument, to state what liability the evidence has established, what damages it has caused and to submit a specific dollar amount that plaintiff contends is the summation of any claims of lost wages, prejudgment interest and a potential award of liquidated damages (but not punitive damages). The Court will instruct the jury, as

| | |
|---|---|
| | it does in every case, that statements by lawyers in closing are nothing more than argument. *See Edwards v. City of New York*, No. 08-2199 TLM, 2011 WL 2748665, at *2 (E.D.N.Y. July 13, 2011); *see also Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). |
| (J) Defendant moves to exclude "hearsay". Def.'s Mem. at 36-38. | (J) This request, essentially, duplicates defendant's request in II(C), *supra*. The ruling is the same. |
| (K) AZ Metro moves to exclude "any reference, statement, or argument related to defendant's Motions *in Limine*". Def.'s Mem. at 38-39. | (K) Although it is hard to fathom why there might be any issue, there will be no discussion at any time before the jury regarding any motion or ruling by the Court, regardless when made. |
| III. Plaintiff's Motions *in Limine* ||
| (A) EEOC moves to exclude evidence not previously provided in response to a discovery request. Dkt. 150. | (A) The motion duplicates defendant's request at II(F), *supra*. The ruling is the same. |
| (B) EEOC moves to exclude evidence of job performance. Dkt. 151. | (B) Since the basis for the request is not attributed to a specific rule, it is presumed that plaintiff contends that job performance is not relevant (Fed. R. Evid. 401), but, if so, its |

prejudice outweighs its probative value (Fed. R. Evid 403). At any rate, evidence concerning the facts and circumstances around the time of the end of employment is relevant to allegations of age discrimination, regardless of whether the defense is one of "improper discharge" or "resignation". Pl.'s Mot. (Dkt. 151) at 1. The Second Circuit has found job performance to be a relevant factor in assessing whether discrimination occurred. *See e.g. Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) (Affirming a summary judgment grant in favor of the employer in an age discrimination case where "the evidence supports BoA's assertion that Delaney was terminated because of his poor performance" and noting "we do not sit as a super-personnel department that reexamines an entity's business decisions." (quoting *Scaria v. Rubin*, 117 F.3d 652, 655 (2d Cir.1997))). To be precise, evidence of job performance is "relevant probative evidence" in unfair discrimination or

|  | retaliation claims. *McPartlan-Hurson v. Westchester Cmty. Coll.*, No. 13-cv-2467 (NSR)(LMS), 2018 WL 4907610, at *4 (S.D.N.Y. Oct. 9, 2018). Accordingly, the plaintiff's motion, on these grounds, to exclude evidence relating to the job performance of Roberts and Fernandez is denied. |
|---|---|
| (C) EEOC moves to exclude evidence relating to "the scope or substance of the EEOC's investigation". Dkt. 152. | (C) In line with the case law, *see E.E.O.C. v. Sterling Jewelers Inc.*, 801 F.3d 96, 101 (2d Cir. 2015), the parties agree that "evidence concerning the scope, substance and merits of the EEOC's investigation of this lawsuit is irrelevant". Def.'s Opp. (Dkt. 152-1) at 1. This request is denied as moot. |
| (D) Plaintiff moves to exclude evidence relating to Monique Roberts. Dkt. 153. | (D) The Court has previously ruled that discovery and affirmative defenses regarding Monique Roberts are both irrelevant and inappropriate. *See* Dkt. 58; 77; 119; September 15, 2017 Minute Order. Any such evidentiary purpose would be contrary to the law of the case, and moreover, in the unlikely event it is relevant, its prejudice would |

| | |
|---|---|
| | swamp any probative value. *See* Fed. R. Evid 401-403. Accordingly, the motion to preclude such evidence is granted and defendant is barred from referring to Monique Roberts' employment at EEOC or suggesting that her role or actions played any role in the case or investigation. |
| (E) EEOC moves to exclude evidence of "lack of internal complaints". Dkt. 154. | (E) Plaintiff requests an order excluding "all evidence, remarks and questions in the presence of the jury concerning the lack of internal complaints" by Fernandez and Roberts. Pl.'s Mot. (Dkt. 154) at 1. Defendant argues such evidence is relevant as it relates to the framework of cases where workplace harassment or constructive discharge is claimed. Def.'s Opp. (Dkt. 154-1) at 1-2.<br><br>Whether an exception exists in such cases relates to an argument of constructive discharge. EEOC has not and represents that it will not at trial proceed on any such theory. Here, plaintiff has specifically claimed unlawful discharge due to age of two former |

|  | employees of AZ Metro in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a). Complaint (Dkt. 1) ¶ 12. Plaintiff has not made a complaint of "constructive discharge". *Id.*; *see generally Pennsylvania State Police v. Suders*, 542 U.S. 129, 147, 124 S. Ct. 2342, 2354, 159 L. Ed. 2d 204 (2004) (Explaining a constructive discharge claim as one where plaintiff must show "working conditions so intolerable that a reasonable person would have felt compelled to resign.") Therefore, evidence of the lack of internal complaints is not relevant, and, if relevant, is likely to mislead or confuse the jury and the evidence running afoul of either Rule 401 or Rule 403 will be excluded. EEOC's motion is granted. |
|---|---|
| (F) EEOC moves to exclude evidence "regarding any source of income other than earned income". Dkt. 155. | (F) To the extent the motion seeks to exclude evidence of unemployment received or sought by claimants, ruling is deferred pending resolution of the request at II(B), *supra*. To the extent this motion seeks a ruling on a potential "offset" of a potential damages award, given that such evidence is not |

|  | appropriate for consideration by the jury, *see Dailey v. Societe Generale*, 108 F.3d 451, 460 (2d Cir. 1997); *Meling v. St. Francis Coll.*, 3 F. Supp. 2d 267, 275 (E.D.N.Y. 1998) (declining to offset a damages award following a jury verdict), the Court defers consideration at this time. |
|---|---|
| (G) EEOC moves for a ruling of evidence "of Thomas Marigliano's termination" to be relevant. Dkt. 156. | (G) The motion is denied for the reasons set forth in the ruling in II(A), *supra*. |
| (H) EEOC moves for authentication of A&T phone records as business records. Dkt. 157. | (H) The records produced by AT&T have been properly authenticated by AT&T. The redactions are covered by a protective order (Dkt. 97) entered by Magistrate Judge Kuo. *See* June 15, 2017 minute order. No appeal was taken. That ruling is the law of the case. Plaintiff's motion (Dkt. 157) is granted. *See* Fed. R. Evid. 803(6); 902(11); 902(13). |

| (I) EEOC moves for a ruling that "evidence of prior consistent statements of Fernandez and Roberts" is not hearsay. Dkt. 158. | (I) Plaintiff's motion (Dkt. 158) is denied as duplicative of Federal Rule of Evidence 801 and premature. The request is cut from the same cloth as AZ Metro's request at II(C), *supra*. The ruling is the same. |

So Ordered.
Dated: Brooklyn, New York
September 9, 2019

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge